2013 OK CIV APP 16

Frank RICHARDS and Nick Richards, Plaintiffs/Appellants,

v.

BANC–FIRST SHAWNEE, f/k/a Federal National Bank & Trust Company of Shawnee, Defendant/Appellee.

No. 109853.

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 19, 2012.

Certiorari Denied Feb. 4, 2013.

Babette Patton, Breathwit & Patton, P.C., Oklahoma City, Oklahoma, for Plaintiffs/Appellant.

Terry W. Tippens, Kelli N. Masters, Fellers, Snider, Blankenship, Bailey & Tippens, P.C., Oklahoma City, Oklahoma, for Defendant/Appellee.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Plaintiffs/Appellants Frank Richards and Nick Richards appeal from the trial court's denial of their motion for new trial. The trial court directed the verdict in favor of Defendant/Appellee Banc–First Shawnee (Bank), formerly known as Federal National Bank & Trust Company of Shawnee, based on the statute of limitations. The Richards argued the statute of limitations was tolled by economic duress, but they did not present sufficient evidence to constitute economic duress. Therefore, we hold that the trial court did not abuse its discretion by denying the Richards' motion for new trial and affirm.

¶ 2 In 1980, the Richards borrowed $5 million from Bank to finance the purchase of oil and gas rigs. In 1982, Bank financed the Richards' construction of a Section 8 housing project through the issuance of bonds. Under this arrangement, the proceeds from the sale of bonds would be invested and the arbitrage, or the difference between the profit on the investments and the interest rate

Bank charged on the loan, would be available for the Richards to use to pay on the loan. After the initial construction phase was completed in May 1982, Bank officer Larry Allen told Frank Richards that he would need to bring $200,000.00 to the loan closing, at which time the initial construction loans would be converted to permanent financing loans. Frank Richards asked Allen where the arbitrage money was and why that money could not be used. The Richards allege that Allen told him to "keep his mouth shut" about the arbitrage or the Bank would call the rig loans. In 1992, the Richards paid off the rig loans. The Richards filed this lawsuit November 6, 1992, alleging breach of contract, breach of fiduciary duty, and duress based on the arbitrage transaction.

¶ 3 Bank filed several motions for summary judgment in which it argued the Richards' claims were barred by the statute of limitations. The Richards responded and argued that the statute of limitations was tolled due to economic duress. Bank's motions for summary judgment were overruled by the trial court. The case was tried to a jury February 14, 2011. At the close of the Richards' evidence, Bank moved for a directed verdict. The trial court granted the motion and directed verdict "on the basis that the totality of the circumstances failed to establish that there was sufficient evidence presented on economic duress to toll the statute of limitations." The Richards filed a motion for new trial, which the trial court denied. The Richards appeal.[1]

¶ 4 The Richards assert that the trial court erred by directing the verdict in favor of Bank. The Richards argue a directed verdict was improper because the issue on a motion for directed verdict is whether there is *any* evidence to support a judgment in favor of the Richards. The Richards claim Frank Richard's testimony that Allen threatened to call the rig loans if he complained about the arbitrage and that the Richards did not sue Bank over the arbitrage between 1982 and 1992, because they feared financial devasta-

tion supports tolling the statute of limitations and judgment in favor of the Richards.

¶ 5 Bank argues that between 1982 and 1992 the Richards received many economic benefits from Bank, including forbearance, interest reductions, and other concessions. Bank asserts that even if Allen told Frank Richards to "keep his mouth shut" about the arbitrage or Bank would call the oil rig loans, it was Bank's lawful right to call the loans. Bank argues that its legal right to call the notes defeats any claim of economic duress. Bank further argues that common sense should have told the Richards that if they sued Bank over the arbitrage, Bank would not extend or renew their oil rig loans. Bank notes that Frank Richards testified that even if Allen had not made that threat, they would not have sued Bank because they needed their rig loans extended and that it would not have been prudent to sue Bank when they owed $4.9 million to Bank.

¶ 6 When the trial court considers a demurrer to the evidence or a motion for directed verdict, it must consider as true all evidence and all reasonable inferences favorable to the party against whom the demurrer or motion is directed and disregard any conflicting evidence which is favorable to the demurrant or movant. *Messler v. Simmons Gun Specialties, Inc.,* 1984 OK 35, 687 P.2d 121, 130. A demurrer to the evidence or a motion for directed verdict should be sustained only if there is an entire absence of proof which tends to show any right to recover. *Beshara v. Southern. Nat. Bank,* 1996 OK 90, 928 P.2d 280, 285.

¶ 7 Oklahoma courts have not determined whether economic duress tolls the statute of limitations. However, the Supreme Court of Oklahoma recognizes that economic duress may be a basis for avoiding a settlement agreement. *See Centric Corp. v. Morrison–Knudsen Co.,* 1986 OK 83, 731 P.2d 411, 414–415. In *Centric,* the Court set forth the elements of duress:

---

1. The Richards filed a Supplemental Petition in Error, in which it appealed the trial court's award of attorney fees to Bank. Bank filed a Supplemental Response to the Petition in Error. However, neither party briefed the attorney fees issue. Issues raised in the Petition in Error but omitted from the brief may be deemed waived. Okla. Sup.Ct. R. 1.11(k)(1). Therefore, we will not review the attorney fees issue.

1. Duress exists if one, by the unlawful act of another, is induced to make a contract or perform some act under circumstances depriving one of the exercise of a free will.

2. Duress exists if one is deprived of an unfettered will or understanding, by threats or other unlawful means, resulting in an involuntary execution of a contract.

3. The existence of duress is measured not by the nature of the acts or threats but by the state of mind induced by the threats or acts.

4. If the threats extinguish the exercise of free will power, the contract may be avoided for duress.

*Id.* at 415 (citing *Samuels Shoe Co. v. Frensley,* 1931 OK 560, 3 P.2d 216, 221). The Court noted that although the question of actual duress is a question of fact for the jury, "the trial court is not required to submit evidence to the jury which does not measure up to the required standard of proof." *Centric,* 1986 OK 83, 731 P.2d at 417. "[W]hether the alleged facts are sufficient to constitute duress is a question of law." *Id.* Therefore, whether Allen's alleged threat is sufficient to constitute duress is a question of law. If Allen's threat satisfies the elements of duress, then the actual existence of duress is a question of fact for the jury.

¶ 8 The Richards argue that Allen's threat was sufficient to constitute economic duress, and the existence of duress ought to have been submitted to the jury. The Richards claim threatening to call the oil rig loan if the Richards complained about the arbitrage was an unlawful or wrongful act. The Richards further assert that the threat deprived them of the exercise of free will to pursue the claim for arbitrage because of the fear of financial devastation if Bank called the $4.9 million oil rig loan.

¶ 9 After considering as true all evidence of economic duress and all reasonable inferences favorable to the Richards and disregarding any conflicting evidence which is favorable to Bank, we hold that Bank was entitled to a directed verdict in its favor. The alleged threat was not sufficient to constitute economic duress. The oil rig loan was a demand note, and Bank had the authority to call the note at any time. Therefore, even if economic duress could toll the statute of limitations, the limitations period was not tolled in this case, because the facts alleged by the Richards were not sufficient to constitute economic duress.

¶ 10 A trial court's denial of a new trial is reviewed for abuse of discretion. *Lierly v. Tidewater Petroleum Corp.,* 2006 OK 47, ¶ 15, 139 P.3d 897, 902. The trial court did not err by directing the verdict in favor of Bank. Therefore, the trial court did not abuse its discretion by denying the Richards' motion for new trial.

¶ 11 AFFIRMED.

JOPLIN, V.C.J., concurs, and GOREE, J., dissents.